UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

ARTHUR ARGUEDAS, BARBARA
ARGUEDAS and HELEN BRANSFORD,

      Plaintiffs,

      v.                                   CIV 13-00565 KG/KK

GARRETT SEAWRIGHT, individually
and as DEFENDANT CLASS REPRESENTATIVE
for a Defendant Class of State Farm Agents Licensed
to Sell Automobile Liability Insurance in New Mexico,

      Defendants.

MEMORANDUM OPINION AND ORDER

On May 10, 2013, Plaintiff's filed a Class Complaint in the First Judicial District Court, State of New Mexico, against Defendant Garrett Seawright individually and as class representative for Defendant Class of State Farm Agents Licensed to Sell Automobile Liability Insurance in New Mexico, asserting violations of the New Mexico Unfair Trade Practices Act and alleging unfair, misleading, deceptive or unconscionable trade practices in connection to sales of uninsured and underinsured motorist coverage. On June 17, 2013, State Farm Mutual Automobile Insurance Company (State Farm) intervened as a party defendant. On the same day, State Farm filed a Notice of Removal with this Court, (Doc. 1), asserting subject matter jurisdiction under the Class Action Fairness Act (CAFA). This matter now comes before the Court on Plaintiff's Memorandum Motion to Strike Notice of Removal or Alternatively Remand to State Court for Lack of Federal Jurisdiction, (Doc. 10), Defendants' Joint Response to Plaintiffs' Motion to Remand, (Doc. 25), Plaintiffs' Reply on Motion to Remand to State Court for Lack of Federal Jurisdiction, (Doc. 30), and Defendants' Joint Surreply to Plaintiffs' Reply in Support of Their Motion to Remand, (Doc. 36). On March 6, 2015, I heard oral argument from

counsel for Plaintiffs, Defendants and State Farm.  Having considered the foregoing arguments and controlling authority, I have determined this Court lacks subject matter jurisdiction over this class action and order it remanded to the First Judicial District Court.

On May 10, 2013, Plaintiffs filed its Class Complaint in the First Judicial District Court pursuant to NMRA 1-023(A), (B)(2) and (B)(3); the New Mexico Unfair Trade Practices Act (UPA), NMSA 1978, § 57-12-2, § 57-12-3, and § 57-12-10; the New Mexico Mandatory Financial Responsibility Act (MFRA), NMSA 1978, § 66-5-201, *et seq.;* and the New Mexico Uninsured/Underinsured Motorist (UM) statute, NMSA 1978, § 66-5-301.  Plaintiffs brought the action as class representatives for a class comprised of current or former New Mexico State Farm policy holders and current New Mexico citizens.  Plaintiffs name Garrett Seawright, a Santa Fe-based insurance agent authorized to sell automobile insurance on behalf of State Farm, as well as a putative class of insurance agents also authorized by State Farm to sell automobile liability insurance on its behalf in New Mexico.  Plaintiffs did not name State Farm as a party defendant. Stated another way, State Farm is not an original defendant.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).   It is well established that federal courts have limited jurisdiction, and the presumption exists against courts exercising federal jurisdiction.  *See Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005).  "Removal statutes are strictly construed, and ambiguities should be resolved in favor of remand.  Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.  All doubts are to be resolved against removal."  *Bonadeo v. Lujan*, 2009 WL 1324119, at *4 (D.N.M.) (internal citations and brackets omitted).  The burden is on the removing defendant to establish that the

removal is proper.  *See McPhail v. Deere & Co.,* 529 F.3d 947, 955 (10th Cir. 2008).  It also is well established that "only original defendants are 'a defendant or defendants' under 28 U.S.C. §1441(a), precluding cross-defendants and third-party defendants from removing cases."  *Mach v. Triple D Supply, LLC,* 773 F.Supp.2d 1018, 1035 (D.N.M. 2011) (J. Browning discussing limitations of right of removal as articulated in *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100 (1941), and progeny).  *Shamrock Oil* "dictate[s] that the phrase 'the defendant or the defendants,' as used in §1441(a), be interpreted narrowly, to refer to defendants in the traditional sense of parties against whom the plaintiff asserts claims."  *Id.* at 1038.

The instant case was brought in part under CAFA, which confers original jurisdiction over a class action in which (1) the matter in controversy exceeds (in the aggregate) the sum or value of $5,000,000, exclusive of interest and costs; (2) minimal diversity of citizenship exists among the parties, meaning that any class member and any defendant are citizens of different states; and (3) the number of members of the putative class is not less than 100.  28 U.S.C. § 1332(d).  In expanding federal jurisdiction, CAFA relaxed certain requirements that would otherwise apply when removing a case to federal court, including allowing removal "without regard to whether any defendant is a citizen of the State in which the action is brought."  28 U.S.C. § 1453(b).

I agree with Plaintiffs that CAFA does not provide an exception to the "original defendant rule."  A plaintiff is a master of the complaint, and Plaintiffs in this case did not name State Farm as a defendant.  Nonetheless, State Farm, a non-defendant, removed this matter from state court.  As support for its right to remove as a non-defendant, State Farm posits that "the purported defendant class is a sham entity and State Farm has been fraudulently non-joined, even though it [State Farm] is the party against whom Plaintiffs effectively seek both injunctive relief and damages." (Doc. 1, ¶ 24).  State Farm also "anticipates that it might be asked to satisfy any

judgment [against defendant class of State Farm agents], if one were entered in this action."
(Doc. 25, at 8).  Indeed, State Farm points to two similar cases[1] filed in this District by counsel
for Plaintiffs in which remand was denied, and strongly suggests Plaintiffs' counsel here
"structured this case in a fundamentally contrived (and tortured) way in a transparent attempt to
avoid federal jurisdiction through patent forum manipulation[, p]lainly hoping to 'get it right the
third time' . . . to not name State Farm directly."  *Id*. at 3.

        Certainly, district courts can consider whether a party has engaged in forum manipulation in
deciding whether to remand.  *Holden v. Goodyear Tire & Rubber Co*., 1999 WL 280417, *1-2
(D. Kan. April 29, 1999) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988)).  And it
is very common for district courts to ignore citizenship of parties that are fraudulently joined for
the purpose of avoiding diversity federal jurisdiction.  But I am not aware of any controlling
authority that allows a district court to consider the citizenship of a party that has been
purportedly fraudulently non-joined solely to defeat diversity of jurisdiction.  Since State Farm is
not an original defendant, it is precluded from removing this action under Section 1441(a).  For
these reasons I determine this Court lacks subject matter jurisdiction in this lawsuit.  I also
determine this Court is without jurisdiction to consider State Farm's Amended Motion to
Intervene (Doc. 18).

        Accordingly, Plaintiffs' Motion to Remand (Doc. 10) is GRANTED.

        IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

---

[1] *Downey v. Am. Nat. Prop. & Cas. Co*., No. 1:11CV00587-MCA-ACT (D.N.M.), and *Fulgenzi v. Smith*, No.
1:12CV1261RB-RHS (D.N.M.).